Scott, J.
If we look simply to the terms of the false instrument set out in the indictment in this case, a decision, either way, of the question presented, might be sustained by a copious reference to authorities.
The leading English cases would decide the question in favor of the plaintiff in error. Perhaps the instincts of humanity had their influence in those decisions; for under their statute, then in force, the question became one of life or death to the prisoner. Under the more humane criminal codes of an advancing civilization, the courts of this country have generally held a different doctrine.
It is by no means surprising, that this conflict of authorities should be found in relation to instruments similar in their terms. The language employed may be such that the legal character of the instrument would depend upon the relations subsisting between the parties and the circumstances of the case. These circumstances may have been such in the present case, as, had the paper been genuine, would have given Earl, the drawer, a right to expect and require the compliance of Bavis with its terms. He *199 may, for instance, have had funds in the hands of Davis, subject to his own order; and, in such case, the instrument in question would naturally be regarded and treated by the parties as an “ order,” and would both in fact and in law he such, notwithstanding the civility and courtesy of the terms m which it is couched. The style alone cannot determine the legal character of the instrument, for a rude request may be more mandatory in its form than a courteous order.
In this case, there was no special finding of the facts by the jury, and the bill of exceptions does not purport to contain a statement of all the evidence, but seems ■ to proceed on the idea that this instrument, from its very terms, could not, under any circumstances, be regarded as a statutory “ order” for the payment of money. We think otherwise. Judgment affirmed.
Bartley, C. J., and Swan, Brinkerhoef and Bowen, JJ., concurred.